## Lewis v. Hamilton et al.

March 21, 1950.

John J. Winn, Judge.

512

J. H. Powers for appellant.

Thomas R. Burns for appellees.

JUDGE KNIGHT—Affirming.

This suit was brought by appellant against appellee, John Hamilton, to quiet title to a tract of land of about 2½ acres claimed by appellant, and to enjoin appellees, Hamilton and Linville Wright, from cutting timber growing on said tract. Appellee Hamilton denied appellant had any title to the tract in question, pleaded title in himself, both by record and adverse possession, and further pleaded that appellant was estopped to deny that a certain fence between the parties was the true boundary line. A reply made up the issues. Upon a trial of the case the Chancellor entered a judgment in favor of appellees from which judgment this appeal is prosecuted.

Appellant acquired title to his tract of land in 1909 by a Commissioner's deed which did not describe his property by metes and bounds, but by the boundaries of adjoining landowners, including the land which appellee subsequently acquired by a deed dated December 1929. Appellee's deed does describe his tract by metes and bounds. Between the two tracts is a ridge and on this ridge is a wire fence, built by appellant in 1910, which replaced at the same location an old wooden fence that was there when appellant acquired title to his property in 1909 and, according to a 71 year old witness for appellee, the wooden fence was at the same location when he was a boy. The 2½ acre tract in dispute is on appellee's side of this fence and was there when he acquired title to his tract. It is not separately enclosed. Appellant's lines are not established by the calls in his deed, but in his pleadings he does show a metes and bounds description which he says was made up by running the lines of adjacent tracts. In an attempt to show that these lines placed the disputed tract in his boundary rather than in appellee's boundary, he introduced a surveyor who ran three calls in appellee's deed, which three calls supposedly cover the boundary between appellant and appellee. These lines, as run, crisscrossed

on both sides of the fence and the testimony does not satisfactorily establish that the disputed acreage is in appellant's boundary.

The testimony on other points is highly conflicting. That for appellant is that he built the wire fence where he did because it was the edge of his cleared land; that he did not build it around the disputed land which he was claiming because it was woodland and he could not conveniently run the fence through that; that he had claimed the land in dispute ever since he bought his tract in 1909 and had cut timber and worked it ever since he had owned it; that he never recognized the wire fence on the ridge as the line between him and appellee Hamilton.

Evidence for appellee is that ever since he received the deed to his property in 1929 he has claimed the wire fence on the ridge as the boundary line between him and appellant and the 2½ acres in dispute are on his side of that fence; that he helped appellant repair that fence nine years ago and appellant said nothing about the fence not being the boundary line; that he has had actual physical possession of the 2½ acres in dispute for 18 years, cleared and sold timber off it and claimed to be the owner of it; that the man who sold him the property said the wire fence was the boundary line. This was denied by the seller in his testimony.

We have read and carefully considered all the testimony and from it all we cannot say the Chancellor erred in fixing the wire fence on the ridge as the true boundary line between the parties, as he did in the judgment appealed from. The old wooden fence which had been there so long must have been a boundary fence and seems to have been so recognized by appellant when he replaced it with a wire fence the following year after his purchase of the tract. His claim that the wire fence was located there because it was the end of his cleared land and that he did not then move the fence to enclose the 2½ acres he claimed because it was woodland, does not sound reasonable. Certainly from all the testimony we entertain no more than a doubt as to the correctness of the Chancellor's decision, hence we should resolve that doubt in favor of his decision.

Wherefore the judgment is affirmed.